

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00365-CR

---

LOUIS FRED GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-6279-22, Honorable Ed Self, Presiding

---

January 24, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Louis Fred Gonzales, appeals from his conviction for burglary of a building through one issue. That issue concerns whether the trial court erred in overruling his motion to suppress evidence. We affirm.

### Background

This case began with a call to police regarding the burglary of Spade Co-Op Gin during which several items were taken. The items included crow bars, cordless tools, and cordless batteries. When Deputy Christopher Weston arrived at the scene, he

watched video footage of the burglary, the burglar, and his vehicle (a silver Land Rover). The burglar was a medium-build Hispanic male with short black hair who wore pants with white stripes down the legs and a dark colored, long-sleeved shirt.

The video also captured the burglar driving from the scene. Weston headed in the same direction upon leaving the gin. Eventually, he encountered appellant's vehicle parked at a local Family Dollar store. So too did he see appellant enter the store. Both appellant and the vehicle matched the images captured on the gin footage.

Upon approaching the Land Rover on foot, the deputy looked through the window and spied various tools like those reported stolen. The deputy then entered the store, encountered appellant, asked to speak with him, and exited with appellant. Upon hearing the deputy's accusation of theft or burglary, appellant indicated that the tools within the vehicle were his, opened the vehicle door, and exposed the inside content to the view of others. Conversation ensued between the two. And, based on what he knew, the deputy detained appellant. Thereafter, appellant performed a gesture indicative of effort to leave or run. That resulted in his arrest for resisting arrest or detention. While being subdued, appellant threatened to "beat the f+++ out of . . ." the deputy. Thereafter, the deputy impounded the Land Rover and applied for a search warrant. The warrant issued, and the search of the vehicle ensued.

Acting pro se, appellant moved to suppress the evidence obtained from the search. The trial court denied the motion after conducting an evidentiary hearing.

### Analysis

Through a single issue, appellant contends the trial court erred in overruling his motion to suppress. We review that ruling under the standard of abused discretion, *State*

2

*v. Hodges*, 595 S.W.3d 303, 305 (Tex. App.—Amarillo 2020, pet. ref'd), and apply that standard here.

Appellant questions his initial detention, his subsequent arrest, and the issuance of the ensuing search warrant. Alleged, the initial detention lacked lawful basis and his subsequent arrest was a mere pretext to garnering opportunity to search the vehicle. Moreover, the deputy purportedly tendered the magistrate a deficient affidavit in support of an application for search warrant by omitting reference to appellant's effort to resist arrest.

Our perusal of the record illustrated the following. First, it contains evidence upon which the trial court could rationally conclude that Deputy Weston had reasonable suspicion to temporarily detain appellant. That evidence included the Land Rover and its driver matching the images captured on the gin video, the Land Rover tires matching unique tread imprints left by the vehicle used during the burglary, and the visibility of tools like those missing from the gin through the window of that Land Rover.

Second, it contained sufficient evidence upon which the trial court could rationally conclude that the deputy had probable cause to arrest appellant. That evidence included footage from the deputy's body camera. It depicted appellant slowly moving from the point of initial detention to the wall of the Family Dollar store and then jerk forward as if to run. The deputy instantaneously responded by grasping appellant. Appellant's movements provided a reasonable officer standing in the deputy's shoes probable cause to arrest. *See* TEX. PENAL CODE ANN. § 38.04 (a) (stating that a "person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him"). The deputy having effectuated

3

a lawful arrest and no one else apparently present with authority or right to possess the vehicle, appellant's Land Rover was subject to impoundment.  Being impounded incident to the arrest, its content was susceptible to inventory.  *Wilson v. State*, No. 07-10-0289-CR, 2011 Tex. App. LEXIS 5590, at *4 (Tex. App.—Amarillo July 21, 2011, no pet.) (mem. op., not designated for publication) (stating that 1) law enforcement may lawfully inventory the contents of a vehicle after an arrest if the inventory is conducted pursuant to lawful impoundment of the vehicle and 2) officers are not required to independently investigate possible alternative to impoundment absent objectively demonstrable evidence of same).  No doubt, the stolen items strewn within the vehicle would have been seen had such an inventory occurred.  Nevertheless, the deputy opted to secure a search warrant.

As for the supposedly defective affidavit supporting the application for the warrant, we find therein the deputy's attestation that:

> Once I [Weston] began questioning GONZALES about the above stated tools, mainly the Snap On pry bars, GONZALES began backing away from me and had a motion that he was about to run away from me.  During this time, the door, GONZALES had previously opened shut.  GONZALES was later arrested and transported to the Lamb County Jail for booking.

These representations informed the magistrate of appellant's effort to unlawfully evade detention.  If nothing else, appellant's effort to escape, as described in the affidavit, evinced a consciousness of guilt for the crime being investigated, which consciousness of guilt the magistrate was free to consider in determining whether to issue the search warrant.  Coupled with that were attestations incorporating the circumstances of the burglary, the discovery of the vehicle and appellant, and the sighting (through the vehicle's window) of items matching those stolen from the gin.  This information provided

4

sufficient basis for the magistrate to find probable cause of a crime's occurrence and the current existence of evidence within the impounded vehicle of that crime.

Given the foregoing circumstances, the trial court's refusal to grant the motion to suppress fell within the zone of reasonable disagreement. It was not an instance of abused discretion. And, having overruled appellant's sole issue, we affirm the trial court's judgment.

Brian Quinn
Chief Justice

Do not publish.